1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232

5

6  **UNITED EMPLOYEES LAW GROUP**
    Walter Haines, Esq. (State Bar #71075)
7  65 Pine Ave, #312
   Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9  Attorneys for Plaintiff

FILED

2010 JAN 19  AM 11: 57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

10              **UNITED STATES DISTRICT COURT**

11              **SOUTHERN DISTRICT OF CALIFORNIA**

12  SHANNON YAM, an individual, on behalf        CASE No. 10CV134-H-BLM
    of herself, and on behalf of all persons
13  similarly situated,                          CLASS AND COLLECTIVE ACTION
                                                 COMPLAINT
14
15                    Plaintiff,                 1. UNFAIR COMPETITION IN
                                                 VIOLATION OF CAL. BUS. & PROF.
16  vs.                                          CODE § 17200, et seq.;

17  KAISER FOUNDATION HOSPITALS,                 2. FAILURE TO PAY OVERTIME
    INC., a California Corporation; and Does 1 to COMPENSATION IN VIOLATION OF
18  10,                                          CAL. LAB. CODE §§ 510, 515.5, 551, 552,
                                                 1194 AND 1198, et seq.;
19
                                                 3. FAILURE TO PROVIDE MEAL AND
20                    Defendants.                REST PERIODS IN VIOLATION OF CAL.
                                                 LAB. CODE § 226.7 AND 512;
21
                                                 4.  FAILURE TO PROVIDE ACCURATE
22                                               ITEMIZED STATEMENTS IN VIOLATION
                                                 OF CAL. LAB. CODE § 226; and,
23
                                                 5.  FAILURE TO PAY OVERTIME
24                                               COMPENSATION IN VIOLATION OF 29
                                                 U.S.C. § 201, et seq.
25
                                                 DEMAND FOR A JURY TRIAL
26

27

28



---
COMPLAINT

1    Plaintiff Shannon Yam ("PLAINTIFF"), on behalf of herself and all others similarly situated

2  allege on information and belief, except for her own acts and knowledge, the following:

3

4                                          **THE PARTIES**

5    1.     Kaiser Foundation Hospitals, Inc. is also based in Oakland, California. Kaiser

6  Foundation Hospitals, Inc. operates as a subsidiary of Kaiser Permanente and is a non-profit, public

7  benefit corporation that owns and operates 30 community hospitals in California, Hawaii, and

8  Oregon. Kaiser Permanente Information Technology (KP-IT) is one of the Kaiser

9  organizations responsible for Information Technology (IT) services and development throughout

10 Kaiser Permanente and is a department of Kaiser Foundation Hospitals, Inc. Kaiser Foundation

11 Hospitals, Inc., including its KP-IT department, is hereinafter referred to collectively as the

12 "DEFENDANTS."

13    2.     In 2003, Kaiser Permanente announced that $1.8 billion would be invested in

14 advanced information and communication technology systems including electronic medical records,

15 electronic appointment booking, electronic prescription refills and referral requests. The program

16 represented one of the largest and most ambitious implementations of electronic medical records, in

17 a move that was intended to transform the quality, safety and efficiency of healthcare services

18 delivered to Kaiser Permanente's 8.4 million members.

19    3.     DEFENDANT's technology system is an integrated clinical and administrative

20 information management system that integrates the patients electronic medical record with their

21 appointments, registration and billing information. The system links Kaiser's departments and

22 facilities nationwide, providing physicians and care teams access to current and comprehensive

23 patient information and providing 24/7 on-line access to key portions of their medical record.

24    4.     Plaintiff Shannon Yam was employed by Defendant Kaiser Foundation Hospitals,

25 Inc. as an "IT Operations Lead" since 2007, and continues to be employed in this position as of the

26 filing of this complaint.

27    5.     The job titles of "IT Operations Lead " given by Defendant Kaiser Foundation

28 Hospitals Inc. to PLAINTIFF and other similarly situated employees (hereinafter collectively

1  referred to as "IT-OPs") were described to PLAINTIFF and the other IT-OPs as exempt and full

2  time positions.

3      6.     For DEFENDANTS, the PLAINTIFF functioned as working member on the

4  production side of DEFENDANTS' Information Technology ("IT") Staff.  The primary job duties of

5  PLAINTIFFS and the other IT-OPs were employed by Kaiser Foundation Hospitals, Inc. were and

6  are to provide technical troubleshooting and desktop support in connection with the Kaiser

7  Permanente computer system.  PLAINTIFF and other IT-OPs perform computer work called

8  "MAC", which stands for move, add, change.

9      7.     The work schedule for the PLAINTIFF and other IT-OPs requires them to work more

10  than eight (8) hours a day and more than forty (40) hours each week, and they are required to

11  perform on-call work and remain on-call 24 hours per week, seven days per week.  As a result of

12  their rigorous work schedule, PLAINTIFF and other similarly situated employees were often unable

13  to take meal or rest breaks.

14      8.     During the Class Period, PLAINTIFF and the other IT-OPs worked and/or still work

15  on the production side of the DEFENDANTS, but are nevertheless classified by DEFENDANTS as

16  exempt from overtime pay and worked more than eight (8) hours a day and more than forty (40)

17  hours a week.

18      9.     The PLAINTIFFS and other IT-OPs were also required to remain on-

19  call pursuant to the DEFENDANTS' on-call policies.  According to the on-call policy, IT-OPs were

20  to remain available 24/7 and are often required to perform work to troubleshoot and resolve

21  problems pursuant to DEFENDANT's escalation procedures.  During this time, after returning

22  home from at least an eight (8) hour work day, the IT-OPs were required to remain on stand-by for

23  the entire night, every night of the week, for the entire week without additional compensation.  The

24  effect of DEFENDANTS' on-call system is that the employee is subject to receiving pages for

25  technical support to which they must respond and begin working on response and resolution within

26  15 minutes. The IT-OPs are therefore effectively precluded from engaging in any activity outside of

27  work that would hinder his or her ability to immediately respond to the technical support page.  This

28  on-call system places severe limitations on the activities of the IT-OPs and accordingly, their time

1   on-call is predominantly spent for the benefit of the DEFENDANTS. The IT-OPs' movements were

2   severely geographically restricted by DEFENDANTS' requirement that they respond to any work

3   request receive via pager to the person requesting technical support and then begin working on the

4   technical support request at that time. Further, if the IT-OP is on the "status bridge," they need to

5   get back on a status call every 30 minutes or other specified interval, and if the IT-OP is on the

6   "technical bridge," they remain on the call for the duration. Each night and weekend, while on-call,

7   the IT-OPs all were subjected to pages and calls in conjunction with the unduly restrictive fixed,

8   response time-limit that necessitated an answer to each call, and which calls regularly occurred.

9   DEFENDANTS provide no additional compensation to the IT-OPs for this on-call work. As a

10  result of the burden imposed by these duties, PLAINTIFF and the IT-OPs of the CLASS could not

11  easily trade their on-call responsibilities with another employee, as no one wanted this burden.

12  Further, PLAINTIFFS and the IT-OPs were extremely restricted while on-call in the kind and extent

13  of personal activities in which they could engage. Any personal activities which required longer

14  than thirty (30) minutes to perform without interruption, and/or required more than thirty (30)

15  minutes to travel to and from, including, but not limited to, going to see a movie in a theater, dining

16  at a restaurant, engaging in organized sporting activities, participating in weddings, supplementing

17  one's income with a second job, and/or attending to medical issues with the assistance of a doctor,

18  dentist, or other professional, had to be avoided entirely while on-call. Another inconvenience

19  imposed upon PLAINTIFF and the IT-OPs was the inability to provide oneself with an entire night

20  of uninterrupted sleep, as the technical support calls often came in past eleven o'clock at night

21  (11:00 p.m.) from the DEFENDANTS' facility. Despite these demanding conditions imposed by

22  DEFENDANTS, regular and overtime compensation for (a) the hours worked during the on-call

23  shifts and (b) the "on-call" hours which restricted PLAINTIFFS and the IT-OPs as to be effectively

24  engaged to wait, were withheld by DEFENDANTS from PLAINTIFF and the IT-OPs.

25      10.     PLAINTIFF brings this class action on behalf of herself and a California Class

26  consisting of all individuals who are or previously were employed either by Defendant Kaiser

27  Foundation Hospitals, Inc. in a staff position as a IT Operations Lead in any other similarly situated

28  position (the "IT-OPs") (the "CALIFORNIA CLASS") in California during the period beginning

1   four years prior to the filing of this Complaint and ending on the date as determined by the Court

2   (the "CALIFORNIA CLASS PERIOD").

3       11.    As a matter of company policy, practice, and procedure, DEFENDANTS have

4   unlawfully, unfairly and/or deceptively classified every IT-OPs as exempt based on job title alone,

5   failed to pay the required overtime compensation and otherwise failed to comply with all labor laws

6   with respect to these IT-OPs.

7       12.    The Defendants named in this Complaint, including Does 1 through 10, inclusive,

8   are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the

9   other defendants and that each defendant was acting within the course of scope of his, her or its

10   authority as the agent, servant and/or employee of each of the other defendants. Consequently, all

11   the defendants are jointly and severally liable to the PLAINTIFF and the other members of the

12   CALIFORNIA CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

13

14                             **THE CONDUCT**

15      The Unlawful, Unfair, and/or Deceptive Failure to Have in Place a Company-Wide Policy,

16   Practice and Procedure to Correctly Determine Whether PLAINTIFFS and the members of the

17   CALIFORNIA CLASS were Properly Classified as Exempt

18       13.    The primary duties required of the IT-OPs are executed by the performance of non-

19   exempt labor within a defined skill set, involving installation, troubleshooting, building, and

20   maintenance users with respect to the operations of the Kaiser computer system. These duties

21   included desktop support and move, add, change work for Kaiser computers, and also providing

22   ongoing troubleshooting support, which includes 24/7 support and issue resolution. Supervision of

23   other IT employees represents a negligible amount of the IT-OPs tasks and time.

24       14.    Although PLAINTIFF and the IT-OPs primarily performed the non-exempt labor

25   described herein above, DEFENDANTS instituted a blanket classification policy, practice and/or

26   procedure by which these employees were all classified as exempt from overtime compensation. By

27   reason of this uniform exemption practice, policy and procedure applicable to PLAINTIFF and all

28   other IT-OPs who performed this non-exempt labor, DEFENDANTS committed acts of unfair

1   competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200

2   (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to analyze

3   the amount of non-exempt tasks performed by PLAINTIFF and thereafter correctly determine

4   whether the PLAINTIFF and the California Class of similarly situated IT-OPs were properly

5   classified as exempt. The proper classification of these employees is the DEFENDANTS' burden.

6   As a result of DEFENDANTS' intentional disregard of the obligation to meet this burden,

7   DEFENDANTS failed to properly calculate and/or pay all required overtime compensation for work

8   performed by the members of the CALIFORNIA CLASS and violated the Fair Labor Standards Act

9   and the California Labor Code and regulations promulgated thereunder as herein alleged.

10      15.     DEFENDANTS, as a matter of law, have the burden of proving that (a) employees

11  are properly classified as exempt and that (b) DEFENDANTS otherwise complies with applicable

12  laws. Other than the initial classification of the PLAINTIFFS and similarly situated IT-OPs as

13  exempt from being paid overtime based on job title alone, DEFENDANTS had no business policy,

14  practice, or procedure to ensure that the PLAINTIFFS and similarly situated IT-OPs were properly

15  classified as exempt.

16      16.     During their employment with DEFENDANTS, PLAINTIFFS as IT-OPs on the

17  production side of DEFENDANTS' enterprise, performed non-exempt duties but were nevertheless

18  classified by DEFENDANTS as exempt from overtime pay and worked more than eight (8) hours a

19  day, forty (40) hours a week, and/or on the seventh (7th) of a workweek. In addition, PLAINTIFFS

20  were not provided with all required meal and rest period breaks during the class period and also

21  frequently were not provided with uninterrupted meal breaks.

22      17.     PLAINTIFF and the other IT-OPs employed by DEFENDANTS were not primarily

23  engaged in work of a type that was or now is directly related to management policies or general

24  business operations, when giving these words a fair but narrow construction. PLAINTIFF and the

25  other IT-OPs employed by DEFENDANTS were also not primarily engaged in work of a type that

26  was or now is performed at the level of the policy or management of the DEFENDANTS. To the

27  contrary, the work of a IT-OP of the DEFENDANTS was work wherein PLAINTIFF and members

28  of the CALIFORNIA CLASS were primarily engaged in the day to day business operations of the

1   DEFENDANTS to keep the computers that perform the day to day work operating in accordance

2   with the management policies and general business operations established by DEFENDANTS'

3   management.

4        18.    The fact that the work and those of other similarly situated employees involved a

5   computer and/or a specialized skill set in a defined technical area does not mean that the

6   PLAINTIFFS or other IT-OPs employed by DEFENDANTS are exempt from overtime wages.

7   Indeed, the exercise of discretion and independent judgment must be more than the use of a highly

8   technical skill set described in a manual or other sources. The work that PLAINTIFF and other IT-

9   OPs employed by DEFENDANTS were and are primarily engaged in performing day to day

10  activities is the work that is required to be performed as part of the day to day business of

11  DEFENDANTS. As a result, PLAINTIFF and other IT-OPs employed by DEFENDANTS were

12  primarily engaged in work that falls squarely on the production side of the administrative/production

13  worker dichotomy and should have been properly classified as non-exempt employees.

14       19.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were

15  uniformly classified and treated by DEFENDANTS as exempt at the time of hire and thereafter,

16  DEFENDANTS failed to take the proper steps to determine whether PLAINTIFF, and the other

17  members of the similarly-situated CALIFORNIA CLASS , were properly classified under Industrial

18  Welfare Commission Wage Order 4-2001 and Cal. Lab. Code §§ 515 et seq. and Section 13 of the

19  Fair Labor Standards Act (the "FLSA") as exempt from applicable federal and state labor laws.

20  Since DEFENDANTS affirmatively and wilfully had in place a business policy, practice and

21  procedure which failed to allow for an accurate determination of whether exempting PLAINTIFF

22  and the members of the CALIFORNIA CLASS complied with either the FLSA or the California

23  Labor Laws, DEFENDANTS' practices violated and continue to violate the law. In addition, the

24  DEFENDANTS acted deceptively by falsely and fraudulently telling PLAINTIFF and each member

25  of the CALIFORNIA CLASS that they were exempt from overtime pay when DEFENDANTS

26  knew or should have known that this statement was false and not based on known facts. The

27  DEFENDANTS also acted unfairly by violating the labor laws of the United States and California.

28  As a result of this policy and practice, DEFENDANTS violated the UCL.

1    <u>The Unfair, Unlawful and/or Deceptive Failure to Provide Accurate Wage Statements</u>

2         20.    DEFENDANTS provided and still provide PLAINTIFF and similarly situated

3    IT-OPs with a paystub that fails to display all applicable hourly rates in effect during the pay period

4    and the corresponding number of hours worked at each hourly rate by the employee. This conduct

5    violates California Labor Code § 226. The paystub also does not display anywhere PLAINTIFF's

6    and similarly situated IT-OPs' overtime hours and applicable rates of overtime pay for the pay

7    period.

8    <u>The Unfair, Unlawful and/or Deceptive Failure to Make Meal and Rest Periods Available</u>

9         21.    DEFENDANTS' policies, practices, and procedures fail to make meal and rest

10    periods available to PLAINTIFFS and the other IT-OPs. By regularly scheduling meetings, work

11    activities or other work during the meal periods, DEFENDANTS fail to make available a full thirty

12    (30) minute period in which the IT-OPs are completely relieved of their duties and able to take an

13    uninterrupted meal break.

14         22.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA

15    CLASS members, DEFENDANTS committed acts of unfair competition in violation of the

16    California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

17    company-wide policy and procedure which failed to correctly determine whether the PLAINTIFF

18    and the CALIFORNIA CLASS of similarly situated IT-OPs were properly classified as exempt.

19    The proper classification of these employees is the DEFENDANTS' burden. As a result of

20    DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS failed

21    to properly calculate and/or pay all required overtime compensation for work performed by the

22    members of the CALIFORNIA CLASS and violated the Fair Labor Standards Act and the

23    California Labor Code and regulations promulgated thereunder as herein alleged.

24

25                           **THE UCL REMEDIES**

26         23.    As a result of DEFENDANTS' UCL violation, PLAINTIFF, on behalf of

27    themselves and the CALIFORNIA CLASS, seek disgorgement of DEFENDANTS' ill-gotten gains

28    into a fluid fund to recover all the money that DEFENDANTS were required by law to pay for

1   hours worked, but failed to pay, to PLAINTIFF and all other CALIFORNIA CLASS members and

2   restitution to PLAINTIFF and the CALIFORNIA CLASS. PLAINTIFF also seeks penalties and all

3   other relief available to them and other similarly situated employees under California law.

4   PLAINTIFF also seeks declaratory relief finding that the employment practices and policies of the

5   DEFENDANTS violate California law and injunctive relief to enjoin the DEFENDANTS from

6   continuing to engage in such employment practices.

7       24.     PLAINTIFF and the members of the CALIFORNIA CLASS have no plain, speedy

8   or adequate remedy at law and will suffer irreparable injury if DEFENDANTS are permitted to

9   continue to engage in the unlawful acts and practices herein alleged. The illegal conduct alleged

10  herein is continuing and to prevent future injury and losses, and to avoid a multiplicity of lawsuits,

11  PLAINTIFF are entitled to an injunction and other equitable relief, on behalf of himself and the

12  CLASS, to prevent and enjoin such practices. PLAINTIFF therefore request a preliminary and/or

13  permanent injunction as the DEFENDANTS provides no indication that DEFENDANTS will not

14  continue such wrongful activity in the future, along with restitution, penalties, interest,

15  compensation and other equitable relief as provided by law.

16

17                          **THE CALIFORNIA CLASS**

18      25.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

19  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL") as a class

20  action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of a CALIFORNIA CLASS,

21  defined above as all those persons employed by DEFENDANTS as IT-OPs as hereinabove defined

22  or under equivalent job title in California beginning from the date four (4) years prior to the date of

23  filing of the complaint and ending on the date as set by the Court (the "CALIFORNIA CLASS

24  PERIOD") who were classified by Defendant as exempt, and who have been or may still be subject

25  to the challenged exemption classification policies and practices used by DEFENDANTS (the

26  "CALIFORNIA CLASS") or ("CLASS").

27      26.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

28  against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANTS unfairly, unlawfully, and deceptively failed to institute a practice to ensure that the employees employed in a position as an IT-OP Staff Member properly were classified as exempt from the requirements of California Labor Code §§ 510, et seq.

28.    DEFENDANTS have the burden of proof that each and every employee is properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq. The DEFENDANTS, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fail to have in place a policy or practice to make any individual determination of exemption for any CALIFORNIA CLASS MEMBERS so as to satisfy their burden. Rather, the DEFENDANTS' uniform policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each and every California Class Member as exempt from the requirements of the California Labor Code §§ 510, et seq., based on job title alone. This common business practice applicable to each and every California Class Member can be adjudicated on a classwide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §17200, et seq. (the "UCL") as causation, damages, and reliance are not elements of this claim.

29.    At no time before, during or after the PLAINTIFFS' employment with DEFENDANTS was any IT-OP Staff Member reclassified as non-exempt from the applicable requirements of California Labor Code §§ 510, et seq. after each California Class Member was initially, uniformly, and systematically classified as exempt upon being hired.

30.    Any individual declarations of any California Class Members offered at this time purporting to indicate that one or more IT-OP employee may have been properly classified is of no force or affect absent evidence that DEFENDANTS had a uniform system in place to satisfy DEFENDANTS' burden that DEFENDANTS, at all times had in effect a policy and practice to determine whether the California Class Members were being properly classified as exempt pursuant

1   to Cal. Lab. Code §§ 510, et seq. Absent proof of such a system, DEFENDANTS' business practice

2   is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a

3   classwide basis. As a result of the UCL violations, the PLAINTIFF and the CALIFORNIA CLASS

4   Members are entitled to have this unfair business practice enjoined and to cause DEFENDANTS to

5   disgorge their ill-gotten gains into a fluid fund and to restitute these funds to the PLAINTIFF and

6   the CALIFORNIA CLASS Members according to proof.

7        31.    The CALIFORNIA CLASS, numbering more than 100 members, is so numerous

8   that joinder of all IT-OPs, is impracticable.

9        (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §

10              17200, et seq. (the "UCL"), by unlawfully, unfairly and/or deceptively having

11              in place company policies, practices and procedures that uniformly classified

12              PLAINTIFF and the members of the CALIFORNIA CLASS as exempt based

13              on job title alone;

14       (b)    Committing an act of unfair competition in violation of the UCL, by

15              unlawfully, unfairly, and/or deceptively failing to have in place a company

16              policy, practice and procedure that accurately determined the amount of

17              working time spent by PLAINTIFF and the members of the CALIFORNIA

18              CLASS performing non-exempt labor;

19       (c)    Committing an act of unfair competition in violation of the UCL, by having

20              in place a company policy, practice and procedure that failed to reclassify as

21              non-exempt those members of the CALIFORNIA CLASS whose actual job

22              duties are primarily comprised non-exempt job functions;

23       (d)    Committing an act of unfair competition in violation of the UCL by violating

24              Cal. Lab. Code §§510, et seq. by failing to pay the correct overtime pay to

25              PLAINTIFF and the members of the CALIFORNIA CLASS who were

26              improperly classified as exempt;

27       (e)    Committing an act of unfair competition in violation of the UCL by violating

28              Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the

1                  members of the CALIFORNIA CLASS with meal and rest periods;

2        (f)     Committing an act of unfair competition in violation of the UCL by violating

3                  Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of

4                  the CALIFORNIA CLASS with an accurate itemized statement in writing

5                  showing the gross wages earned, the net wages earned, all applicable hourly

6                  rates in effect during the pay period and the corresponding number of hours

7                  worked at each hourly rate by the employee; and,

8        (g)    Committing an act of unfair competition in violation of the UCL by violating

9                  Cal. Lab. Code § 203 by failing to provide restitution of wages owed to the

10                 members of the CALIFORNIA CLASS who were improperly classified as

11                 exempt and who have terminated their employment.

12      32.     This Class Action meets the statutory prerequisites for the maintenance of a

13 Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3) in that:

14        (a)     The persons who comprise the CALIFORNIA CLASS exceed 100 persons

15                 and are therefore so numerous that the joinder of all such persons is

16                 impracticable and the disposition of their claims as a class will benefit the

17                 parties and the Court;

18        (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

19                 are raised in this Complaint are common to the CALIFORNIA CLASS will

20                 apply uniformly to every member of the CALIFORNIA CLASS;

21        (c)     The claims of the representative PLAINTIFF are typical of the claims of each

22                 member of the CALIFORNIA CLASS. PLAINTIFF, like all other members

23                 of the CALIFORNIA CLASS, was initially classified as exempt upon hiring

24                 based on job title alone and labored under DEFENDANTS' systematic

25                 procedure that failed to analyze the compensation paid to and work

26                 performed by PLAINTIFF and the members of the CALIFORNIA CLASS in

27                 order to determine whether the classification was properly made.

28                 PLAINTIFF sustained economic injury as a result of DEFENDANTS'

1    employment practices. PLAINTIFF and the members of the CALIFORNIA

2    CLASS were and are similarly or identically harmed by the same unlawful,

3    deceptive, unfair and pervasive pattern of misconduct engaged in by the

4    DEFENDANTS by deceptively advising all IT-OP employees that they were

5    exempt from overtime wages based on job title alone, and unfairly failing to

6    pay overtime to employees who were improperly classified as exempt.

7        (d)    The representative PLAINTIFF will fairly and adequately represent and

8    protect the interest of the CALIFORNIA CLASS, and has retained counsel

9    who are competent and experienced in Class Action litigation. There are no

10   material conflicts between the claims of the representative PLAINTIFF and

11   the members of the CALIFORNIA CLASS that would make class

12   certification inappropriate. Counsel for the CALIFORNIA CLASS will

13   vigorously assert the claims of all Class Members.

14   33.    In addition to meeting the statutory prerequisites to a Class Action, this action

15   is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

16       (a)    Without class certification and determination of declaratory, injunctive,

17   statutory and other legal questions within the class format, prosecution of

18   separate actions by individual members of the CALIFORNIA CLASS will

19   create the risk of:

20       1)    Inconsistent or varying adjudications with respect to individual

21   members of the CALIFORNIA CLASS which would establish

22   incompatible standards of conduct for the parties opposing the

23   CALIFORNIA CLASS; and/or,

24       2)    Adjudication with respect to individual members of the

25   CALIFORNIA CLASS which would as a practical matter be

26   dispositive of interests of the other members not party to the

27   adjudication or substantially impair or impede their ability to protect

28   their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANTS uniformly classified and treated the IT-OPs as exempt and, thereafter, uniformly failed to take proper steps to determine whether the IT-OPs were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

      1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to disgorgement into a fluid fund restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANTS' policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

      1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(3).

34.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because the DEFENDANTS' employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

1      (b)    A Class Action is superior to any other available method for the fair and

2           efficient adjudication of the claims of the members of the CALIFORNIA

3           CLASS because in the context of employment litigation a substantial number

4           of individual Class members will avoid asserting their rights individually out

5           of fear of retaliation or adverse impact on their employment;

6      (c)    The members of the CALIFORNIA CLASS exceed 100 people and are

7           therefore so numerous that it is impractical to bring all members of the

8           CALIFORNIA CLASS before the Court;

9      (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

10          to obtain effective and economic legal redress unless the action is maintained

11          as a Class Action;

12      (e)    There is a community of interest in obtaining appropriate legal and equitable

13          relief for the acts of unfair competition, statutory violations and other

14          improprieties, and in obtaining adequate compensation for the damages and

15          injuries which DEFENDANTS' actions have inflicted upon the

16          CALIFORNIA CLASS;

17      (f)    There is a community of interest in ensuring that the combined assets of

18          DEFENDANTS are sufficient to adequately compensate the members of the

19          CALIFORNIA CLASS for the injuries sustained;

20      (g)    DEFENDANTS have acted or refused to act on grounds generally applicable

21          to the CALIFORNIA CLASS, thereby making final class-wide relief

22          appropriate with respect to the CALIFORNIA CLASS as a whole;

23      (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

24          the business records of DEFENDANT. The CALIFORNIA CLASS consists

25          of DEFENDANTS' IT-OPs employed in California during the

26          CALIFORNIA CLASS PERIOD; and,

27      (i)    Class treatment provides manageable judicial treatment calculated to bring a

28          efficient and rapid conclusion to all litigation of all wage and hour related

1  claims arising out of the conduct of DEFENDANTS as to the members of the

2  CALIFORNIA CLASS.

3      35.    DEFENDANTS maintain records from which the Court can ascertain and identify

4  by job title each of DEFENDANTS' employees who as have been systematically, intentionally and

5  uniformly subjected to DEFENDANTS' corporate policy, practices and procedures as herein

6  alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of

7  similarly situated employees when they have been identified.

8

9                       **THE CALIFORNIA LABOR SUBCLASS**

10      36.    PLAINTIFF further bring the Second, Third, and Fourth causes of action on

11  behalf of a subclass which consists of all members of the CALIFORNIA CLASS who were

12  employed by DEFENDANTS during the period three (3) years prior to the filing of the complaint

13  and ending on the date as determined by the Court ("CALIFORNIA LABOR SUBCLASS

14  PERIOD"), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in

15  one week and/or hours on the seventh (7th) consecutive day of a workweek and did not receive

16  overtime compensation as required by Labor Code Section 510 et seq. and Wage Order 4-2001 (the

17  "CALIFORNIA LABOR SUBCLASS") pursuant to Fed. R. Civ. Proc. 23(b)(3).

18      37.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

19  violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare

20  Commission ("IWC") Wage Order Requirements intentionally, knowingly, and wilfully, on the

21  basis of job title alone and without regard to the actual overall requirements of the job,

22  systematically classified PLAINTIFF and the other members of the CALIFORNIA CLASS and the

23  CALIFORNIA LABOR SUBCLASS as exempt from overtime wages and other labor laws in order

24  to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime

25  wages and other labor laws. To the extent equitable tolling operates to toll claims by the

26  CALIFORNIA CLASS and SUBCLASS against DEFENDANTS, the Class Periods should be

27  adjusted accordingly.

28      38.    DEFENDANTS have intentionally and deliberately created a number of job levels

1   and job titles in order to create the superficial appearance of a number of unique jobs, when in fact,

2   these jobs are substantially similar and can be easily grouped together for the purpose of

3   determining whether they are exempt from overtime wages. One of DEFENDANTS's purposes in

4   creating and maintaining this multi-level job classification scheme is to create a roadblock to

5   discovery and class certification for all employees similarly misclassified as exempt.

6   DEFENDANTS has uniformly misclassified these CALIFORNIA CLASS and CALIFORNIA

7   LABOR SUBCLASS members as exempt and denied them overtime wages and other benefits to

8   which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully

9   profit.

10         39.    DEFENDANTS maintain records from which the Court can ascertain and

11   identify by job title each of DEFENDANTS's employees who as CALIFORNIA CLASS and

12   CALIFORNIA LABOR SUBCLASS members have been systematically, intentionally and

13   uniformly misclassified as exempt as a matter of DEFENDANTS' corporate policy, practices and

14   procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job

15   titles when they have been identified.

16         40.    The CALIFORNIA LABOR SUBCLASS is so numerous that joinder of all

17   members, which number over IT-OPs, is impracticable.

18         41.    Common questions of law and fact exist as to members of the CALIFORNIA

19   LABOR SUBCLASS, including, but not limited, to the following:

20             (a)    Whether DEFENDANTS unlawfully failed to pay overtime compensation to

21                   members of the CALIFORNIA LABOR SUBCLASS in violation of the

22                   California Labor Code and applicable regulations and California Wage Order

23                   4-2001;

24             (b)    Whether the members of the CALIFORNIA LABOR SUBCLASS are non-

25                   exempt employees entitled to overtime compensation for overtime hours

26                   worked under the overtime pay requirements of California Law;

27             (c)    Whether DEFENDANTS' policy and practice of classifying the SUBCLASS

28                   members as exempt from overtime compensation and failing to pay the

1    CALIFORNIA LABOR SUBCLASS members overtime violate applicable

2    provisions of California law;

3       (d)   Whether DEFENDANTS unlawfully failed to keep and furnish California

4    members with accurate records of hours worked;

5       (e)   Whether DEFENDANTS' policy and practice of failing to pay members of

6    the CALIFORNIA LABOR SUBCLASS all wages when due within the time

7    required by law after their employment ended violates California law;

8       (f)   Whether DEFENDANTS unlawfully failed to provide all required meal and

9    rest periods to the members of the CALIFORNIA LABOR SUBCLASS;

10       (g)   Whether DEFENDANTS failed to pay all wages owed to IT-OP employees at

11    the time of that employee's termination as a result of the failure to pay

12    overtime compensation; and,

13       (g)   The proper measure of damages and penalties owed to the members of the

14    CALIFORNIA LABOR SUBCLASS.

15       42.   DEFENDANT, as a matter of corporate policy, practice and procedure, classified all

16    IT-OPs as exempt from overtime wages and other labor laws.  All IT-OPs, including the

17    PLAINTIFF, performed the same primary functions and were paid by DEFENDANTS according to

18    uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay

19    overtime compensation. This business practice was uniformly applied to each and every member of

20    the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be

21    adjudicated on a class-wide basis.

22       43.   DEFENDANTS violated the rights of the CALIFORNIA LABOR SUBCLASS

23    under California law by:

24       (a)   Violating Cal. Lab. Code §§ 510, et seq. by misclassifying and thereby failing

25    to pay PLAINTIFF and the members of the CALIFORNIA LABOR

26    SUBCLASS the correct overtime pay for a work day longer than eight (8)

27    hours and/or a workweek longer than forty (40) hours, and also for all hours

28    worked on the seventh (7th) day of a workweek for which DEFENDANTSis

1            liable pursuant to Cal. Lab. Code § 1194;

2         (b)     Violating Cal. Lab. Code § 203, which provides that when an employee is

3            discharged or quits from employment, the employer must pay the employee

4            all wages due without abatement, by failing to tender full payment and/or

5            restitution of wages owed or in the manner required by California law to the

6            members of the CALIFORNIA LABOR SUBCLASS who have terminated

7            their employment;

8         (c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF

9            and the members of the CALIFORNIA LABOR CLASS who were

10            improperly classified as exempt with meal and rest periods; and,

11        (d)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the

12            members of the CALIFORNIA LABOR CLASS who were improperly

13            classified as exempt with an accurate itemized statement in writing showing

14            the gross wages earned, the net wages earned, all applicable hourly rates in

15            effect during the pay period and the corresponding number of hours worked

16            at each hourly rate by the employee.

17     44.     This Class Action meets the statutory prerequisites for the maintenance of a

18 Class Action as set forth in Fed. R. Civ. Proc. 23(b)(3), in that:

19         (a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed

20            100 individuals and are therefore so numerous that the joinder of all such

21            persons is impracticable and the disposition of their claims as a class will

22            benefit the parties and the Court;

23         (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

24            are raised in this Complaint are common to the CALIFORNIA LABOR

25            SUBCLASS and will apply uniformly to every member of the CALIFORNIA

26            LABOR SUBCLASS;

27         (c)     The claims of the representative PLAINTIFF are typical of the claims of each

28            member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all

1   other members of the CALIFORNIA LABOR SUBCLASS were improperly

2   classified as exempt and denied overtime pay as a result of DEFENDANT's

3   systematic classification practices.  PLAINTIFF and all other members of the

4   CALIFORNIA LABOR SUBCLASS sustained economic injuries arising

5   from DEFENDANT's violations of the laws of California; and,

6   (d)   The representative PLAINTIFF will fairly and adequately represent and

7   protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

8   retained counsel who are competent and experienced in Class Action

9   litigation.  There are no material conflicts between the claims of the

10   representative PLAINTIFF and the members of the CALIFORNIA LABOR

11   SUBCLASS that would make class certification inappropriate.  Counsel for

12   the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of

13   all Class Members.

14   45.   In addition to meeting the statutory prerequisites to a Class Action, this action

15   is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3), in that:

16   (a)   Without class certification and determination of declaratory, injunctive,

17   statutory and other legal questions within the class format, prosecution of

18   separate actions by individual members of the CALIFORNIA LABOR

19   SUBCLASS will create the risk of:

20   1)   Inconsistent or varying adjudications with respect to individual

21   members of the CALIFORNIA LABOR SUBCLASS which would

22   establish incompatible standards of conduct for the parties opposing

23   the CALIFORNIA LABOR SUBCLASS; or,

24   2)   Adjudication with respect to individual members of the

25   CALIFORNIA LABOR SUBCLASS which would as a practical

26   matter be dispositive of interests of the other members not party to the

27   adjudication or substantially impair or impede their ability to protect

28   their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA SUBCLASS, making appropriate class-wide relief with respect to the SUBCLASS as a whole in that the DEFENDANTS uniformly classified and treated the IT-OPs as exempt and, thereafter, uniformly failed to take proper steps to determine whether the IT-OPs were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUBCLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS would as a practical

matter be dispositive of the interests of the other members not

parties to the adjudication or substantially impair or impede

their ability to protect their interests;

3) In the context of wage litigation because a substantial number of

individual class members will avoid asserting their legal rights out of

fear of retaliation by DEFENDANTS, which may adversely affect an

individual's job with DEFENDANTS or with a subsequent employer,

the Class Action is the only means to assert their claims through a

representative; and,

4) A class action is superior to other available methods for the fair and

efficient adjudication of this litigation because class treatment will

obviate the need for unduly and unnecessary duplicative litigation that

is likely to result in the absence of certification of this action pursuant

to Fed. R. Civ. Proc. 23(b)(3).

46. This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(3) because:

(a) The questions of law and fact common to the CALIFORNIA LABOR

SUBCLASS predominate over any question affecting only individual

members;

(b) A Class Action is superior to any other available method for the fair and

efficient adjudication of the claims of the members of the CALIFORNIA

LABOR SUBCLASS because in the context of employment litigation a

substantial number of individual Class members will avoid asserting their

rights individually out of fear of retaliation or adverse impact on their

employment;

(c) The members of the CALIFORNIA LABOR SUBCLASS exceed 100

individuals and are therefore so numerous that it is impractical to bring all

members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)     DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANTS.  The CALIFORNIA LABOR SUBCLASS consists of those IT-OPs who worked overtime ours and who were not paid overtime; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS.

## JURISDICTION AND VENUE

47.     This Court has jurisdiction over PLAINTIFF's federal claim pursuant to 28 U.S.C.§ 1331 and supplemental jurisdiction of PLAINTIFF's related state law claims pursuant to 28 U.S.C. § 1367.

48.     The CALIFORNIA CLASS ACTION involves 100 or more putative class members, and the aggregate amount in controversy exceeds $5 million (exclusive of costs and interest).

49.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

DEFENDANTS (i) are subject to personal jurisdiction in this District and therefore, reside in this

District, (ii) maintain offices in this District, and/or (ii) committed the wrongful conduct against

certain members of the CLASS in San Diego County, California.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 et seq.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

50.     PLAINTIFF, and the other members of the CALIFORNIA CLASS,

reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 49

of this Complaint.

51.     DEFENDANTS are "persons" as that term is defined under Cal. Bus.

And Prof. Code § 17021.

52.     California Business & Professions Code § 17200 et seq. (the "UCL")

defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition
> may be enjoined in any court of competent jurisdiction. The court may make such
> orders or judgments, including the appointment of a receiver, as may be necessary to
> prevent the use or employment by any person of any practice which constitutes unfair
> competition, as defined in this chapter, or as may be necessary to restore to any
> person in interest any money or property, real or personal, which may have been
> acquired by means of such unfair competition.

California Business & Professions Code § 17203.

53.     By the conduct alleged herein, DEFENDANTS have engaged and

continue to engage in a business practice which violates California law, including but not limited to

provisions of the Wage Orders, the California Labor Code, the opinions of the Department of Labor

Standards Enforcement, for which this Court should issue declaratory, injunctive and other

equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and

1  remedy the conduct held to constitute unfair competition. The DEFENDANTS' practices alleged

2  herein were also unfair within the meaning of the UCL because the DEFENDANTS' conduct was

3  contrary to important public policies of California, was immoral, unethical, oppressive,

4  unscrupulous, and the utility of which is outweighed to the harm of the conduct to the IT-OPs. The

5  DEEFENDANTS' practices alleged herein were deceptive within the meaning of the UCL because

6  IT-OPs are likely to be deceived by DEFENDANTS' representations that these employees were

7  properly classified as exempt, are not entitled to overtime compensation, and were paid in full for

8  their work because such representations are not true.

9      54.    By and through the unfair and unlawful business practices described

10  herein above, DEFENDANTS have obtained valuable property, money, and services from the

11  PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of

12  valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

13  DEFENDANTS so as to allow DEFENDANTS to unfairly compete. Declaratory and injunctive

14  relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone

15  would not afford adequate and complete relief.

16      55.    All the acts described herein as violations of, among other things, the

17  Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage

18  Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and

19  unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and

20  unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 et seq.

21      56.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are

22  further entitled to, and do, seek a declaration that the above described business practices are

23  deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining

24  DEFENDANTS from engaging in any of these deceptive, unfair and unlawful business practices in

25  the future.

26      57.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

27  have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

28  practices of DEFENDANTS. Further, the practices herein alleged presently continue to occur

1  unabated. As a result of the unfair and unlawful business practices described above, PLAINTIFF,

2  and the other members of the CALIFORNIA CLASS, have suffered and will continue to suffer

3  irreparable harm unless DEFENDANTS are restrained from continuing to engage in these unfair

4  and unlawful business practices. In addition, DEFENDANTS should be required to disgorge the

5  unpaid moneys, penalties and interest as required by law and make restitution to PLAINTIFF, and

6  the other members of the CALIFORNIA CLASS.

7

8  **SECOND CAUSE OF ACTION**

9  **For Failure To Pay Overtime Compensation**

10  **[Cal. Lab. Code §§ 510, 515, 515.5, 551, 552, 1194 and 1198]**

11  **(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

12  58.  PLAINTIFFS, and the other members of the CALIFORNIA LABOR

13  SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

14  1 through 57 of this Complaint.

15  59.  Cal. Lab. Code § 510 states in relevant part:

16  Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

17  one workday and any work in excess of 40 hours in any one workweek and the first

18  eight hours worked on the seventh day of work in any one workweek shall be

19  compensated at the rate of no less than one and one-half times the regular rate of pay

20  for an employee. Any work in excess of 12 hours in one day shall be compensated at

21  the rate of no less than twice the regular rate of pay for an employee. In addition, any

22  work in excess of eight hours on any seventh day of a workweek shall be

23  compensated at the rate of no less than twice the regular rate of pay of an employee.

24  60.  Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

25  is entitled to one day's rest therefrom in seven."

26  61.  Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

27  work more than six days in seven."

28  62.  Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate

1    of compensation required to be paid to a nonexempt full-time salaried employee, the

2    employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

3    63.    Cal. Lab. Code § 1194 states:

4    Notwithstanding any agreement to work for a lesser wage, any employee receiving

5    less than the legal minimum wage or the legal overtime compensation applicable to

6    the employee is entitled to recover in a civil action the unpaid balance of the full

7    amount of this minimum wage or overtime compensation, including interest thereon,

8    reasonable attorney's fees, and costs of suit.

9    64.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard

10   conditions of labor fixed by the commission shall be the maximum hours of work

11   and the standard conditions of labor for employees. The employment of any

12   employee for longer hours than those fixed by the order or under conditions of labor

13   prohibited by the order is unlawful."

14   65.    In addition, Labor Code Section 558 provides:

15   (a) Any employer or other person acting on behalf of an employer

16   who violates, or causes to be violated, a section of this chapter or any provision

17   regulating hours and days of work in any order of the Industrial Welfare Commission

18   shall be subject to a civil penalty as follows:

19            (1) For any initial violation, fifty dollars ($50) for each underpaid employee

20            for each pay period for which the employee was underpaid in addition to an

21            amount sufficient to recover underpaid wages.

22            (2) For each subsequent violation, one hundred dollars ($100) for each

23            underpaid employee for each pay period for which the employee was

24            underpaid in addition to an amount sufficient to recover underpaid wages.

25            (3) Wages recovered pursuant to this section shall be paid to the affected

26            employee.

27   (b) If upon inspection or investigation the Labor Commissioner determines that a

28   person had paid or caused to be paid a wage for overtime work in violation of any

1          provision of this chapter, or any provision regulating hours and days of work in any

2          order of the Industrial Welfare Commission, the Labor Commissioner may issue a

3          citation. The procedures for issuing, contesting, and enforcing judgments for

4          citations or civil penalties issued by the Labor Commissioner for a violation of this

5          chapter shall be the same as those set out in Section 1197.1.

6          (c) The civil penalties provided for in this section are in addition to any other civil or

7          criminal penalty provided by law.

8      66.    DEFENDANTS have intentionally and uniformly designated certain

9  employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

10  expectations and actual overall requirements of the job, including PLAINTIFF and the other

11  members of the CALIFORNIA LABOR SUBCLASS who worked on the production side of the

12  DEFENDANTS' business. This was done in an illegal attempt to avoid payment of overtime wages

13  and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission

14  requirements.

15      67.    For an employee to be exempt as a bona fide "executive," all the

16  following criteria must be met and DEFENDANTS have the burden of proving that:

17      (a)    The employee's primary duty must be management of the enterprise, or of a

18          customarily recognized department or subdivision; and,

19      (b)    The employee must customarily and regularly direct the work of at least two (2) or

20          more other employees; and,

21      (c)    The employee must have the authority to hire and fire, or to command particularly

22          serious attention to his or his recommendations on such actions affecting other

23          employees; and,

24      (d)    The employee must customarily and regularly exercise discretion and independent

25          judgment; and,

26      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

27  No member of the CALIFORNIA LABOR SUBCLASS was or is an executive because they all fail

28  to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

68.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

    (a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

    (b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

    (e)    The employee must execute special assignments and tasks under only general supervision; and,

    (f)    The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA LABOR SUBCLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

69.     The Industrial Welfare Commission, ICW Wage Order 4-2001, at section (1)(A)(3)(h), at Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide "professional", all the following criteria must be met and DEFENDANTS have the burden of proving that:

    (a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

        1)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential

1       part or necessarily incident to any of the above work; or,

2   2)  Work that is original and creative in character in a recognized field of artistic

3       endeavor, and the result of which depends primarily on the invention,

4       imagination or talent of the employee or work that is an essential part of or

5       incident to any of the above work; and,

6   3)  Whose work is predominately intellectual and varied in character (as opposed

7       to routine mental, manual, mechanical, or physical work) and is of such

8       character cannot be standardized in relation to a given period of time.

9   (b)  The employee must customarily and regularly exercise discretion and independent

10      judgment; and.

11  (c)  The employee earns a monthly salary equivalent to no less than two (2) times the

12      state minimum wage for full-time employment.

13      No member of the CALIFORNIA LABOR SUBCLASS was or is a professional because

14  they all fail to meet the requirements of being a "professional" within the meaning of Order No. 4-

15  2001. In particular, for an employee to be "exempt" as a bona fide "professional" with respect to

16  the requirements for a computer software employee, all the following criteria must be met and

17  DEFENDANTS have the burden of proving that:

18  (a)  The employee must primarily perform work which is intellectual or creative and that

19      requires the exercise of discretion and independent judgment; and,

20  (b)  The employee is primarily engaged in duties which consist of one or more of the

21      following:

22  1)  the application of systems analysis techniques and procedures, including

23      consulting with users, to determine hardware, software, or system functional

24      specifications;

25  2)  the design, development, documentation, analysis, creation, testing or

26      modification of computer systems or programs, including prototypes, based

27      on and related to user or system design specifications;

28  3)  the documentation, testing, creation or modification of computer programs

1 related to the design of the software or hardware for computer operating

2 systems; and,

3 (c) The employee must be highly skilled and proficient in the theoretical and practical

4 application of highly specialized information to computer systems analysis,

5 programming and software engineering. A job title shall not be determinative of the

6 applicability of this exemption; and,

7 (d) The employee's hourly rate of pay is not less than the minimum amount under Labor

8 Code §515.5. This is the rate which is adjusted by the DLSR on October 1 of each

9 year to be effective on January 1 of the following year by an amount equal to the

10 percentage increase in the California Consumer Price Index for Urban Wage Earners

11 and Clerical Workers.

12 1) The adjusted rates for each year of the CALIFORNIA LABOR

13 SUBCLASS are as follows: In 2005, the rate was $45.84. In 2006, the rate

14 was $47.81. In 2007, the rate was $49.77. In 2008, the rate was $36.00. In

15 2009, the rate was $37.94.

16 No member of the CALIFORNIA CLASS was or is an exempt "Computer Software Employee"

17 because they all fail to meet all of the requirements of Order No. 4-2001. PLAINTIFFS and/or

18 members of the CALIFORNIA LABOR SUBCLASS were paid less than these amounts during the

19 Class Period.

20 70. PLAINTIFF, and other members of the CALIFORNIA LABOR

21 SUBCLASS, do not fit the definition of an exempt executive, administrative, or professional

22 employee because:

23 (a) They did not work as executives or administrators; and,

24 (b) The professional exemption articulated in Wage Order 4-2001, section (1)(A)(3)(h)

25 and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code

26 § 515.5, does not apply to PLAINTIFFS, nor to the other members of the

27 CALIFORNIA LABOR SUBCLASS, because they are either computer software

28 employees paid less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and

1    under subdivision (1)(A)(3)(h)(iv) of Order No. 4-2001, and/or did not otherwise

2    meet all the applicable requirements to work under the exemption of computer

3    software employee for the reasons set forth above in this Complaint.

4    71.    During the class period, the PLAINTIFF, and other members of the

5    CALIFORNIA LABOR SUBCLASS, worked more than eight (8) hours in a workday and/or forty

6    (40) hours in a work week, and also worked on the seventh (7th) day of a workweek.

7    72.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

8    other members of the CALIFORNIA LABOR SUBCLASS, overtime compensation for the hours

9    they have worked in excess of the maximum hours permissible by law as required by Cal. Lab.

10    Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA

11    LABOR SUBCLASS, were regularly required to work, and did in fact work, overtime hours.

12    73.    By virtue of DEFENDANTS' unlawful failure to pay addition

13    compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR

14    SUBCLASS, for their regular and overtime hours, the PLAINTIFF, and the other members of the

15    CALIFORNIA LABOR SUBCLASS, have suffered, and will continue to suffer, an economic injury

16    in amounts which are presently unknown to them and which will be ascertained according to proof

17    at trial.

18    74.    DEFENDANTS knew or should have known that PLAINTIFF, and the

19    other members of the CALIFORNIA LABOR SUBCLASS, were misclassified as exempt and

20    DEFENDANTS systematically elected, either through intentional malfeasance or gross

21    nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy,

22    practice and procedure.

23    75.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA

24    LABOR SUBCLASS, request recovery of regular and overtime compensation according to proof,

25    interest, and statutory costs pursuant to § 1194(a), as well as the assessment of any statutory

26    penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.

27    76.    In performing the acts and practices herein alleged in violation of labor

28    laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS

1  acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

2  toward the other members of the CALIFORNIA LABOR SUBCLASS, with a conscious and utter

3  disregard of their legal rights, or the consequences to them, and with the despicable intent of

4  depriving them of their property and legal rights and otherwise causing them injury in order to

5  increase corporate profits at the expense of PLAINTIFF and the members of the Class.

6      77.    Many of the California Class members have terminated their employment and

7  DEFENDANTS have not tendered restitution of wages owed.

8      78.    Therefore, as provided by Cal Lab. Code § 203, on behalf of the members of the

9  CALIFORNIA LABOR SUBCLASS whose employment has terminated, PLAINTIFF demands

10 thirty days of pay as penalty for not paying all wages due at time of termination for all employees

11 who terminated employment during the CALIFORNIA LABOR SUBCLASS and demand an

12 accounting and payment of all wages due, plus interest, plus costs and interest as allowed by law.

13

14                          **THIRD CAUSE OF ACTION**

15                  **For Failure to Provide Meal and Rest Periods**

16                      **[Cal. Lab. Code §§ 226.7 and 512]**

17                  **(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

18      79.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

19 SUBCLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

20 through 78 of this Complaint.

21      80.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

22          employee for a work period of more than five hours per day without providing the

23          employee with a meal period of not less than 30 minutes, except that if the total work

24          period per day of the employee is no more than six hours, the meal period may be

25          waived by mutual consent of both the employer and employee. An employer may not

26          employ an employee for a work period of more than 10 hours per day without

27          providing the employee with a second meal period of not less than 30 minutes,

28          except that if the total hours worked is no more than 12 hours, the second meal

1    period may be waived by mutual consent of the employer and the employee only if

2    the first meal period was not waived.

3        81.    Section 11 of the Order 4-2001 of the Industrial Wage Commission

4    provides, in relevant part:

5        Meal Periods:

6            (A)    No employer shall employ any person for a work period of more than five (5)

7                   hours without a meal period of not less than 30 minutes, except that when a

8                   work period of not more than six (6) hours will complete the day's work the

9                   meal period may be waived by mutual consent of the employer and the

10                  employee. Unless the employee is relieved of all duty during a 30 minute

11                  meal period, the meal period shall be considered an "on duty" meal period

12                  and counted as time worked. An "on duty" meal period shall be permitted

13                  only when the nature of the work prevents an employee from being relieved

14                  of all duty and when by written agreement between the parties an on-the-job

15                  paid meal period is agreed to. The written agreement shall state that the

16                  employee may, in writing, revoke the agreement at any time.

17           (B)    If an employer fails to provide an employee a meal period in accordance with

18                  the applicable provisions of this order, the employer shall pay the employee

19                  one (1) hour of pay at the employee's regular rate of compensation for each

20                  workday that the meal period is not provided.

21       82.    Section 12 of the Order 4-2001 of the Industrial Wage Commission

22    provides, in relevant part:

23        Rest Periods:

24            (A)    Every employer shall authorize and permit employees to take rest periods,

25                   which insofar as practicable shall be in the middle of each work period. The

26                   authorized rest period time shall be based on the total hours worked daily at

27                   the rate of ten (10) minutes net rest time per four (4) hours or major fraction

28                   thereof.  However, a rest period need not be authorized for employees whose

COMPLAINT
34

1    total daily work time is less than three and one-half (3-1/2) hours. Authorized

2    rest period time shall be counted as hours worked for which there shall be no

3    deduction from wages.

4    (B)    If an employer fails to provide an employee a rest period in accordance with

5    the applicable provisions of this order, the employer shall pay the employee

6    one (1) hour of pay at the employee's regular rate of compensation for each

7    workday that the rest period is not provided.

8    83.    In addition, Labor Code Section 558 provides:

9    (a) Any employer or other person acting on behalf of an employer who

10    violates, or causes to be violated, a section of this chapter or any provision regulating

11    hours and days of work in any order of the Industrial Welfare Commission shall be

12    subject to a civil penalty as follows:

13    (1) For any initial violation, fifty dollars ($50) for each underpaid employee

14    for each pay period for which the employee was underpaid in addition to an

15    amount sufficient to recover underpaid wages.

16    (2) For each subsequent violation, one hundred dollars ($100) for each

17    underpaid employee for each pay period for which the employee was

18    underpaid in addition to an amount sufficient to recover underpaid wages.

19    (3) Wages recovered pursuant to this section shall be paid to the affected

20    employee.

21    (b) If upon inspection or investigation the Labor Commissioner determines that a

22    person had paid or caused to be paid a wage for overtime work in violation of any

23    provision of this chapter, or any provision regulating hours and days of work in any

24    order of the Industrial Welfare Commission, the Labor Commissioner may issue a

25    citation. The procedures for issuing, contesting, and enforcing judgments for

26    citations or civil penalties issued by the Labor Commissioner for a violation of this

27    chapter shall be the same as those set out in Section 1197.1.

28    (c) The civil penalties provided for in this section are in addition to any other civil or

1    criminal penalty provided by law.

2    84.    Cal. Lab. Code § 226.7 provides:

3    (a) No employer shall require any employee to work during any meal or rest period

4    mandated by an applicable order of the Industrial Welfare Commission.

5    (b) If an employer fails to provide an employee a meal period or rest period in

6    accordance with an applicable order of the Industrial Welfare Commission, the

7    employer shall pay the employee one additional hour of pay at the employee's regular

8    rate of compensation for each work day that the meal or rest period is not provided.

9    85.    DEFENDANTS have intentionally and improperly failed to provide all

10   rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the

11   CALIFORNIA LABOR SUBCLASS who worked more than three and one half hours (3 ½) per day,

12   and by failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

13   86.    Therefore, PLAINTIFFS demand on behalf of themselves and the members of the

14   CALIFORNIA LABOR SUBCLASS, one (1) hour of pay for each workday in which a rest period

15   was not provided for each four (4) hours of work during the period commencing on the date that is

16   within four years prior to the filing of this Complaint and one (1) hour of pay for each workday in

17   which a meal period was not provided for each five (5) hours of work.

18

19   **FOURTH CAUSE OF ACTION**

20   **For Failure to Provide Accurate Itemized Statements**

21   **[Cal. Lab. Code § 226]**

22   **(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS)**

23   87.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

24   SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

25   1 through 86 of this Complaint.

26   88.    Cal. Labor Code § 226 provides that an employer must furnish

27   employees with an "accurate itemized statement in writing showing:

28   (1) gross wages earned,

1    (2) total hours worked by the employee, except for any employee whose compensation is

2    solely based on a salary and who is exempt from payment of overtime under subdivision (a)

3    of Section 515 or any applicable order of the Industrial Welfare Commission,

4    (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

5    on a piece-rate basis,

6    (4) all deductions, provided that all deductions made on written orders of the employee may

7    be aggregated and shown as one item,

8    (5) net wages earned,

9    (6) the inclusive dates of the period for which the employee is paid,

10    (7) the name of the employee and his or her social security number, except that by January 1,

11    2008, only the last four digits of his or her social security number or an employee

12    identification number other than a social security number may be shown on the itemized

13    statement,

14    (8) the name and address of the legal entity that is the employer, and

15    (9) all applicable hourly rates in effect during the pay period and the corresponding number

16    of hours worked at each hourly rate by the employee."

17    89.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

18  in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

19  PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS at the effective

20  regular rates of pay and the effective overtime rates of pay.

21    90.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code

22  § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR

23  SUBCLASS. These damages include, but are not limited to, costs expended calculating the true

24  hours worked and the amount of employment taxes which were not properly paid to state and

25  federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the

26  other members of the CALIFORNIA LABOR SUBCLASS elect to recover liquidated damages of

27  $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in

28  subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of

1  trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the

2  CALIFORNIA LABOR SUBCLASS herein) plus statutory costs pursuant to Labor Code § 226(g).

3

4  **FIFTH CAUSE OF ACTION**

5  **Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")**

6  **(By PLAINTIFF and the COLLECTIVE CLASS and Against all Defendants)**

7       91.     PLAINTIFF, and the other members of the COLLECTIVE CLASS,

8  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 90

9  of this Complaint.

10      92.     DEFENDANTS are engaged in communication, business, and transmission between

11  the states, and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

12      93.     PLAINTIFF further bring the Fifth cause of action on behalf of a Collective Class

13  which consists of all members of the CALIFORNIA CLASS who were employed by

14  DEFENDANTS during the period three (3) years prior to the filing of the complaint and ending on

15  the date as determined by the Court who performed work in excess of forty (40) hours in one week

16  and did not receive overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. §

17  201, *et seq.* (the "COLLECTIVE CLASS").

18      94.     29 U.S.C. § 255 provides that a three-year statute of limitations applies

19  to willful violations of the FLSA.

20      95.     29 U.S.C. § 207(a)(1) provides in pertinent part:

21       Except as otherwise provided in this section, no employer shall employ any of his

22       employees who in any workweek is engaged in commerce or in the production of

23       goods for commerce, or is employed in an enterprise engaged in commerce or in the

24       production of goods for commerce, for a workweek longer than forty hours unless

25       such employee receives compensation for his employment in excess of the hours

26       above specified at a rate not less than one and one-half times the regular rate at

27       which he is employed.

28      96.     Section 213(a)(1) of the FLSA provides that the overtime pay

1    requirement does not apply to:

2              any employee employed in a bona fide executive, administrative, or professional

3              capacity (including any employee employed in the capacity of academic

4              administrative personnel or teacher in elementary or secondary schools), or in the

5              capacity of outside salesman (as such terms are defined and delimited from time to

6              time by regulations of the Secretary, subject to the provisions of the Administrative

7              Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or

8              service establishment shall not be excluded from the definition of employee

9              employed in a bona fide executive or administrative capacity because of the number

10             of hours in his workweek which he devotes to activities not directly or closely related

11             to the performance of executive or administrative activities, if less than 40 per

12             centum of his hours worked in the workweek are devoted to such activities).

13        97.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

14   violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

15   as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

16   expectations and actual overall requirements of the job, including PLAINTIFF and the other

17   members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

18   business enterprise. This was done in an illegal attempt to avoid payment of overtime wages and

19   other benefits in violation of the FLSA and Code of Federal Regulations requirements.

20        98.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.,

21   PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all

22   hours actually worked, including time spent attending meetings, monitoring DEFENDANTS'

23   equipment and waiting for and responding to technical support requests during meal periods, and

24   are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for

25   all hours worked in excess of forty (40) hours in any workweek.

26        99.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to

27   establish the exempt status of an employee. The exempt or nonexempt status of any particular

28   employee must be determined on the basis of whether the employee's salary and duties meet the

1   requirements of the regulations in this part.

2        100.   The exemptions of the FLSA as listed in section 13(a), and as explained

3   by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE

4   CLASS, because their work consists of non-management, production line labor performed with

5   skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

6   specialized intellectual instruction required for exempt learned professional employees such as

7   medical doctors, architects and archeologists. PLAINTIFF and the other IT-OPs either (i) do not

8   hold a bachelor's degree in computer science, have not taken any prolonged course of specialization

9   relating to network systems or infrastructure, and/or have attained the vast majority of the skills they

10   use as employees of DEFENDANTS from on the job training.

11        101.   For an employee to be exempt as a bona fide "executive," all the following criteria

12   must be met and DEFENDANTS have the burden of proving that:

13        (a)   The employee's primary duty must be management of the enterprise, or of a

14             customarily recognized department or subdivision;

15        (b)   The employee must customarily and regularly direct the work of at least two (2) or

16             more other employees;

17        (c)   The employee must have the authority to hire and fire, or to command particularly

18             serious attention to his or his recommendations on such actions affecting other

19             employees; and,

20        (d)   The employee must be primarily engaged in duties which meet the test of exemption.

21   No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

22   requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

23   Moreover, none of the members of the COLLECTIVE CLASS were senior or lead computer

24   programmers who managed the work of two or more other programmers in a customarily

25   recognized department or subdivision of the employer, and whose recommendations as to the

26   hiring, firing, advancement, promotion or other change of status of the other programmers were

27   given particular weight and therefore, they do not qualify for the executive exemption as a computer

28   employees under 29 C.F.R. 541.402.

102.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)    The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300. Moreover, their primary duty does not include work such as planning, scheduling, and coordinating activities required to develop systems to solve complex business, scientific or engineering problems of the employer or the employer's customers and therefore, they are not qualified for the administrative exemption as computer employees under 29 C.F.R. 541.402.

103.    For an employee to be "exempt" as a bona fide "professional", the DEFENDANTS have the burden of proving that the primary duty of the employee is the performance of work that:

(a)    Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b)    Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300.

104.    For an employee to be "exempt" as a computer software employee,

1 DEFENDANTS have the burden of showing that the primary duty of the employee consists of:

2       (a)     The application of systems analysis techniques and procedures, including consulting

3                 with users, to determine hardware, software or system functional specifications;

4       (b)     The design, development, documentation, analysis, creation, testing or modification

5                 of computer systems or programs, including prototypes, based on and related to user

6                 or system design specifications;

7       (c)     The design, documentation, testing, creation or modification of computer programs

8                 related to machine operating systems; or

9       (d)     A combination of the aforementioned duties, the performance of which requires the

10                 same level of skills.

11 The "primary duty" of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, as

12 defined in 29 C.F.R. 541.700, did not consist of the job functions outlined above. Rather, the

13 primary duty of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, consists of

14 configuring computer systems and computer software programs according to specification requested

15 by others. Although the primary duty was highly dependent on and facilitated by the use of

16 computers and computer software programs, the primary duty did not involve:

17       (1)     the determination of hardware, software, or system functional specifications;

18       (2)     the design, development, documentation, analysis, creation, testing, or modification

19                 of computer systems or programs; or

20       (3)     a combination of these duties, the performance of which requiring the same level of

21                 skills.

22 Rather than consulting with users to determine specifications, PLAINTIFF primarily engaged in

23 troubleshooting functions by providing move, add and change support to DEFENDANTS'

24 employees. Further, PLAINTIFF operated under intense scrutiny from management (IT Operation

25 Managers) when performing the upgrades of hardware and software, limited modifications of

26 hardware and software, troubleshooting, and other non-exempt functions that constituted their

27 primary duties. Thus, no member of the COLLECTIVE CLASS was or is exempt as a computer

28 systems analyst, computer programmer, or software engineer because they all fail to meet the

1  requirements of being a "professional" within the meaning of 29 U.S.C. § 213 and 29 C.F.R.

2  541.400.

3      105.   During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of

4  the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also

5  required to perform duties that were primarily for the benefit of the employer during meal periods.

6      106.   At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

7  other members of the COLLECTIVE CLASS, overtime compensation for the hours they have

8  worked in excess of the maximum hours permissible by law as required by section 207 of the

9  FLSA, even though PLAINTIFF, and the other members of the COLLECTIVE CLASS, were

10  regularly required to work, and did in fact work, overtime hours.

11      107.   At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

12  other members of the COLLECTIVE CLASS, regular compensation for the hours they have

13  worked, performing duties primarily for the benefit of the employer during meal periods.

14      108.   For purposes of the Fair Labor Standards Act, the employment practices

15  of DEFENDANTS were and are uniform throughout the United States in all respects material to the

16  claims asserted in this Complaint.

17      109.   There are no other exemptions applicable to PLAINTIFF and/or to

18  members of the COLLECTIVE CLASS.

19      110.   As a result of DEFENDANTS' failure to pay overtime and failure to pay

20  regular compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFF

21  and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

22      111.   Therefore, PLAINTIFF demands that they and the members of the

23  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of

24  overtime worked in any work week for which they were not compensated, regular compensation for

25  every hour worked primarily for the benefit of DEFENDANTS for which they were not

26  compensated, plus interest and costs as provided by law.

27

28                                **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

   C) An order requiring DEFENDANTS to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

   D) Disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS' violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS according to proof.

2. On behalf of the CALIFORNIA LABOR SUBCLASS:

   A) That the Court certify the Second, Third, and Fourth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3);

   B) Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

   C) One (1) hour of premium pay for each workday in which a rest period was not provided to PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint;

   D) One hour of premium pay for workday in which a meal period was not provided to PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS for each five (5) hours of work;

1     E)    The wages of all terminated employee from the CALIFORNIA LABOR SUBCLASS

2            as a penalty from the due date thereof at the same rate until paid or until an action

3            therefor is commenced, for violation of Cal. Lab. Code § 203; and,

4     F)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in

5            which a violation occurs and one hundred dollars ($100) per each member of the

6            CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period,

7            not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award

8            of costs for violation of Cal. Lab. Code § 226; and,

9  3.    On behalf of the COLLECTIVE CLASS:

10     A)    That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE

11           CLASS as an opt-in class action under 29 U.S.C. § 216(b);

12     B)    That the Court declare the rights and duties of the parties consistent with the relief

13           sought by PLAINTIFF;

14     C)    That the PLAINTIFF and the members of the COLLECTIVE CLASS recover

15           compensatory, damages and an equal amount of liquidated damages as provided

16           under the law and in 29 U.S.C. § 216(b).

17  4.    On all claims:

18     A)    An award of interest, including prejudgment interest at the legal rate.

19     B)    An award of liquidated damages, statutory damages, including cost of suit, but only

20           to the extent that such costs are recoverable pursuant to Cal. Lab. Code §1194 and 29

21           U.S.C. § 216(b).  Neither this prayer nor any other allegation or prayer in this

22           Complaint is to be construed as a request, under any circumstance, that would result

23           in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

24     C)    Such other and further relief as the Court deems just and equitable.

25

Dated:  January 18, 2010            BLUMENTHAL, NORDREHAUG & BHOWMIK

26

27                  By:                       
                                    Norman B. Blumenthal
                                    Attorneys for Plaintiffs

28                    UNITED EMPLOYEES LAW GROUP

Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands jury trial on issues triable to a jury.

3

4

Dated:   January 18, 2010

BLUMENTHAL, NORDREHAUG & BHOWMIK

5

By: _____

6

Norman B. Blumenthal
Attorneys for Plaintiffs

7

8

UNITED EMPLOYEES LAW GROUP
Walter Haiñes, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

9

10

11

12

13

K:\D\NBB\Yam v. Kaiser\p-Complaint-Final.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SHANNON YAM

**DEFENDANTS**

KAISER FOUNDATION HOSPITALS, INC.

FILED
2010 JAN 19  AM 11: 54

**(b)** County of Residence of First Listed Plaintiff   Marin County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____ DISTRICT COURT
(IN U.S. PLAINTIFF CASES ONLY) DISTRICT OF CALIFORNIA

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

10CV 134 - H - BLM

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 216(b) (Fair Labor Standards Act)

Brief description of cause:
Claims for unpaid overtime compensation under Federal and California law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE
01/18/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # CA109192 AMOUNT $350   APPLYING IFP mo 1/19/10   JUDGE _____   MAG. JUDGE _____



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009292
Cashier ID: kdelabar
Transaction Date: 01/19/2010
Payer Name: BLUMENTHAL, NORDREHAUG, BHOWMI
--------------------------------
CIVIL FILING FEE
 For: YAM V. KAISER
 Case/Party: D-CAS-3-10-CV-000134-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 12079
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```